NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KEVIN BOWENS, *Appellant.*

No. 1 CA-CR 21-0339
FILED 11-3-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-002856-001
The Honorable Nicholas Saccone, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese Hustad
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1　　　　Defendant Kevin Bowens appeals from the superior court's order finding he violated supervised probation and then reinstating him on supervised probation. Because Bowens has shown no error, this court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　In April 2019, Bowens pled guilty to aggravated assault, a Class 5 felony committed in February 2018. As provided in the plea agreement, the superior court suspended Bowens' sentence and placed him on supervised probation for three years to begin upon his release from prison for another felony conviction.

¶3　　　　Bowens apparently was released from prison in February 2021. In March 2021, Bowens' probation officer petitioned to revoke, alleging various violations of his supervised probation, including Term 1 (committing drug-related offenses on March 15, 2021) and Term 6 (absconding and failing to report).

¶4　　　　An initial probation revocation arraignment was continued until April 27, 2021, to allow for additional time to see if new charges would be submitted on the March 15, 2021 drug-related offenses. At the April 27, 2021 probation revocation arraignment, the State said charges for the March 15, 2021 drug-related offenses had not yet been filed but were "being held for filing." The court then gave Bowens the "choice whether or not he wants to move forward," noting that if Bowens admitted to violating probation that day, he "will probably be back at some point facing those [March 15, 2021] charges." Bowens' counsel, in turn, told the court that Bowens "understands there may [be] a new drug possession case that's filed against him in the future that could result in another petition to revoke in this case at that point."

¶5 After a break in the proceedings, where Bowens and his attorney conferred privately, the case was recalled, and Bowens' counsel said his client "would go ahead and enter an admission today." After a colloquy with the court, Bowens then admitted to violating Term 6 (absconding and failing to report) of his probation; the other alleged violations were dismissed and the court "reinstate[d]" him on supervised probation for 1,127 days "to begin on 4/27/2021 with a revised expiration date of 4/18/2024."

¶6 Days later, the State filed two counts against Bowens for the March 15, 2021 drug-related offenses. A new petition to revoke his supervised probation, filed in May 2021, alleged violations of Term 1 (committing drug-related offenses on March 15, 2021). In the drug case, Bowens pled guilty to possession or use of dangerous drugs, a Class 4 felony, committed on March 15, 2021, and the other count was later dismissed. The written plea agreement in that case stated that, by entering the plea, Bowens "is in automatic violation of probation . . . from the crime of aggravated assault." After a colloquy with Bowens, the court accepted his guilty plea. The court then found Bowens in violation of Term 1 of his supervised probation grant on the aggravated assault conviction and set the matter for a disposition hearing.

¶7 In June 2021 at the disposition hearing, Bowens objected to the May 2021 petition to revoke. Bowens argued that by alleging the same Term 1 violation in the March 2021 and May 2021 petitions to revoke, the State violated his due process rights. Bowens also argued his March 15, 2021 drug offense was not a "later criminal offense" that could be used to revoke his probation imposed on April 27, 2021. Ariz. R. Crim. P. 27.8(e) (2022).[1] More specifically, Bowens argued the April 27, 2021 probation grant was "essentially a new term of probation," meaning the March 15, 2021 conviction was not a "later criminal offense."

¶8 The court rejected his arguments, and "reinstated" Bowens on a three-year term of supervised probation. After considering additional motion practice on the point, the court confirmed the probation grant began before the March 15, 2021 offense. This court has jurisdiction over Bowens' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶9**        Bowens argues the court imposed an illegal sentence because the April 27, 2021 disposition was a new probation grant, not a reinstatement or continuation of probation granted before the March 15, 2021 offense. Alternatively, Bowens argues the court failed to advise him of this possibility before the April 27, 2021 disposition, thereby violating his due process rights.

**¶10**        If the court finds a "probationer violated a condition or regulation of probation, the court may revoke, modify, or continue probation." Ariz. R. Crim. P. 27.8(c)(2). If the court revokes probation, it can, among other things, impose a "new term of probation." A.R.S. § 13-603(E)(6). If the court "reinstates probation, the period between the date of the violation and the date of restoration of probation is not computed as part of the period of probation." A.R.S. § 13-903(B).

**¶11**        At the April 27, 2021 disposition hearing, Bowens asked "that he be reinstated" on probation. The court then "reinstate[d]" Bowens on supervised probation for 1,127 days. The time calculations used by the court on April 27, 2021 and in June 2021 reflect the court reinstating him on probation originally granted in April 2019. *See* A.R.S. § 13-903(B).

**¶12**        Bowens relies on selected dictionary definitions for "reinstate," "modify," "continue" and "revoke," arguing the court did not "continue" his probation, which would have required probation to "remain[]in place and proceed[] without interruption." But in context, when a court continues a probation grant for someone who is held in custody, it reinstates probation, something that Bowens' argument would preclude. And Bowens has not shown how potential dictionary definitions negate A.R.S. § 13-903(B), which extends a previous probation grant for the period from a date of violation to the date of reinstatement even though the court is "reinstat[ing] probation."

**¶13**        Bowens provides no support for his argument that the court "could not have reinstated" his probation if it also was "modifying it or continuing it." Arizona law authorizes reinstating probation, even if the Terms are modified or continued. And the court excluded time between Bowens' March 15, 2021 violation and when reinstating him on probation in June 2021, as contemplated by A.R.S. § 13-903(B).

¶14 Bowens' due process claim also fails. In April 2019, Bowens was placed on probation upon his release from prison in February 2021 and was then twice reinstated on probation, once on April 27, 2021, and again in late June 2021. As relevant here, he was advised before admitting that he violated Term 6 on April 27, 2021, that the March 15, 2021 charges likely would be filed later and would subject him to revocation. Still, he agreed to proceed and admit he violated Term 6 and, at his request, was then reinstated on probation. In then entering his plea agreement where he pled guilty to a felony he committed on March 15, 2021, he knowingly, voluntarily and intelligently admitted that his guilty plea would violate Term 1 of his probation. His probation was then revoked, and he was, again, reinstated on probation in June 2021. On this record, Bowens has shown no due process violation.

## CONCLUSION

¶15 The superior court's order finding Bowens violated his supervised probation and reinstating him on supervised probation is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA